UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60214-CIV-COHN/SELTZER

EGE UZUNDEMIR, on her own
behalf and others similarly situated,

        Plaintiff,
v.

BOSS CONNECTION, INC.,
a Florida Profit Corporation,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Default Final Judgment Against Defendant Boss Connection, Inc. [DE 27]. The Court has carefully considered the Motion, the accompanying Affidavit of Ege Uzundemir [DE 27-2], and the record in this case, including the Complaint [DE 1], the return of service upon Defendant [DE 7], the Clerk's Entries of Default against Defendant [DE 26], Defendant's failure to respond to the instant Motion, and is otherwise advised in the premises.

On February 6, 2012, Plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, bringing a claim for recovery of overtime compensation (Count I) and a claim for declaratory relief (Count II). See Compl. Thereafter, the Court granted two unopposed motions for extensions of time for Defendant to respond to the Complaint. See Motions [DE's 9, 11]; Orders [10, 12]. In the second unopposed motion for extension of time [DE 11], Defendant informed the Court that the parties were in the midst of settlement negotiations. In granting that motion, the Court set a May 3, 2012 deadline for Defendant's response.

When the deadline had passed and no response had been filed, the Court entered an Order [DE 14] directing the parties to file a status report. The parties then

filed a Status Report [DE 15], indicating that they were still engaged in settlement negotiations, but had not yet reached a settlement.  The parties requested "an additional two weeks, up to May 22, 2012 to continue their settlement negotiations," id., and stated, "To the extent that the Parties are unable to resolve Plaintiff's claims by this date, Defendant will immediately file its Answer and Affirmative Defenses," id.  When the May 22nd deadline had passed, and the parties had not filed a motion for approval of settlement agreement, nor had Defendant filed its Answer and Affirmative Defenses, the Court entered another Order [DE 16] directing the parties to file a status report or alternatively, directing Defendant to file its Answer and Affirmative Defenses by May 29, 2012.  Instead of filing a status report or an Answer, on May 29, 2012, Defendant's counsel moved to withdraw.  See Motion to Withdraw [DE 17].

On June 6, 2012, after holding a hearing on the motion to withdraw, see Minutes [DE 21], the Court entered an Order Granting Motion to Withdraw as Counsel for Defendant [DE 22] and directing Defendant to have substitute counsel enter an appearance by July 6, 2012.  Id. at 2.  The Court advised, "If no counsel has appeared on behalf of Defendant by July 6, 2012, Defendant shall be defaulted." Id.  When the July 6th deadline had passed, and no substitute counsel had appeared on behalf of Defendant, the Court directed a default, and the Clerk entered the default on July 10, 2012.  See Order Directing Clerk to Enter a Default Against Defendant Boss Connection, Inc. [DE 25]; Clerk's Default [DE 26].  Thereafter, on July 20, 2012, Plaintiff filed the instant Motion for Entry of Default Final Judgment [DE 27].

In the Motion, Plaintiff requests judgment in the amount of $13,860.00, consisting of $6,720.00 in unpaid overtime, $6,680.00 in liquidated damages,[1] and

---

[1] Despite Plaintiff's entitlement under the FLSA to an amount of liquidated damages equal to the amount of unpaid overtime compensation, see 29 U.S.C.A. § 216(b), she does not appear to seek the full amount of liquidated damages.  In her Motion, she requests $6720.00 in unpaid overtime compensation, but a total amount of only $13,400.00 in liquidated and unliquidated damages.  See Mot. at 6.  Nothing in the

2

$460.00 in taxable costs.  Mot. at 5-6.  Plaintiff does not seek to recover attorney's fees.  Id. at 6.  Plaintiff states that she was employed by Defendant from May 2011 through November 2011, for a total of 28 weeks.  Affidavit of Ege Uzundemir ¶ 4.  She states that her hourly rate was $15.00.  Id.  Although she worked 72 hours per week, Plaintiff was paid her regular $15.00 an hour salary for all hours, and was not paid overtime compensation for the hours worked in excess of forty within a work week.  Id. ¶¶ 4-5.  Therefore, she calculates that Defendant owes her $6,720.00 in unpaid overtime based on 32 overtime hours per week for 28 weeks at an hourly rate of $15.00 ($7.50 x 32 overtime hours per work week x 28 weeks = $6,720.00).  Id. at 5-6; Affidavit of Ege Uzundemir ¶¶ 4-5.  Additionally, Plaintiff's receipts and invoices show that she is entitled to $460.00 in costs, consisting of the $350.00 filing fee and $110.00 service fee.  See Receipts and Invoices Exhibit [DE 27-3].  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Default Final Judgment Against Defendant Boss Connection, Inc. [DE 27] is **GRANTED**;

2. The Court will enter a separate judgment consistent with the above ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7 day of August, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* party via CM./ECF regular mail

Mr. Dror Kfir
Boss Connection, Inc.
5749 Seminole Way
Hollywood, FL 33314

---

FLSA prohibits Plaintiff from seeking less than the full amount in liquidated damages.

3